United States District Court
Southern District of Texas
**ENTERED**
March 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **DANIEL SOTO RODRIGUEZ,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00031 |
| § | |
| **MIGUEL VERGARA,** *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

Pending before the Court is Respondent's Unopposed Motion to Dismiss Petition for Writ of Habeas Corpus as Moot. (Dkt. 21.) On January 10, 2026, Petitioner filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Dkt. 1.) At the time, Petitioner was challenging his detention and arguing violations of his rights under the Due Process Clause and the INA. *Id*. The Federal Respondents filed their response on January 15, 2026, (Dkt. 12), and the Court subsequently partially granted the Petition, ordering that Petitioner be given a bond redetermination hearing or be released. (Dkt. 17.) On January 23, 2026, Petitioner had a bond redetermination hearing before an Immigration Judge, who denied bond, finding that Petitioner was a flight risk. (Dkt. 18.) On February 9, 2026, Petitioner had an individual merits hearing before an Immigration Judge, who denied his application for Cancellation of Removal for Nonpermanent Residents under INA § 240A(b)(1), but granted Post Conclusion Voluntary Departure under INA § 240B(b). (Dkt. 22.) As the circumstances of Petitioner's removal proceedings and detention have now materially changed, Respondents filed an Unopposed Motion to Dismiss Petitioner's Writ of Habeas Corpus and requested that the Court dismiss this case in accordance with Federal Rules of Civil Procedure 12(b)(1).

Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies. Mootness is a question of subject matter jurisdiction, *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004), and if a question of mootness arises, the Court must resolve it before it can assume jurisdiction, *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).

Petitioner was granted post conclusion voluntary departure and waived appeal of the Immigration Judge's order. (Dkt. 22.) Specifically, Petitioner is unopposed to Respondents' Motion to Dismiss and is no longer in the posture of seeking release pending removal proceedings, as he has been granted post conclusion voluntary departure. (Dkt. 22.) The Court therefore lacks jurisdiction because Petitioner's claim is moot. Therefore, the Petition for Writ of Habeas Corpus is dismissed under Rule 12(b)(1).

Accordingly, Respondents' Unopposed Motion to Dismiss, (Dkt. 21), is GRANTED. All prior orders issued by the Court are hereby DISSOLVED.

IT IS SO ORDERED.

SIGNED this March 12, 2026.

_____
Diana Saldaña
United States District Judge